EL PUEBLO DE PUERTO RICO, peticionario, *v.* JUAN SÁNCHEZ ÁLVAREZ, acusado y recurrido.

*Número:* O-82-78     *Resuelto:* 17 de noviembre de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo, peticionario; *Efraín Meléndez,* abogado del recurrido.

## SENTENCIA

Mediante trámite de mostrar causa examinamos la petición de *certiorari* del Procurador General, que cuestiona la resolución del Tribunal Superior, Sala de Caguas, en que se dejan sin efecto los veredictos de culpabilidad en los casos de robo e infracción al Art. 8 de la Ley de Armas y se ordena un nuevo juicio por el fundamento de que no debió permitir la prueba de identificación en corte abierta de los cinco testigos impugnados por la defensa.

Ordenamos y tenemos el beneficio de la transcripción de evidencia y comparecencia de las partes. El análisis de la cuestión nos mueve a concluir que erró la sala de instancia.

I

Una sinopsis de los hechos refleja incontrovertidamente que el 29 de julio de 1980 dos individuos asaltaron la Joyería Damar en Caguas. Estuvieron allí alrededor de 15 minutos. Fueron observados ampliamente por varios testigos.(1) Al otro día de los hechos todos estos testigos fueron

_____

(1) La testigo María Iris Galarza, empleada del establecimiento, declaró que observó a los asaltantes por cerca de 15 minutos (T.E., pág. 71). También testificaron Willie Rosario Malavé, que los observó por 5 minutos (T.E., pág. 104), y Nereida Arocho Vera, de 15 a 20 minutos (T.E., pág. 31). José William Arocho Vera declaró que vio a los asaltantes durante 2 minutos (T.E., pág. 124). Por

llevados a una rueda de detenidos en la cual se encontraba el acusado Juan Sánchez Álvarez. Sólo uno de ellos, Willie Rosario Malavé, identificó al acusado. Otros dos, Pablo Arocho y José W. Arocho, expresaron que creían que el acusado era uno de los asaltantes, pero que había otro que se le parecía. Por último, Edwin Arocho, María Iris Galarza y Nereida Arocho no pudieron identificar a ninguna de las personas en la rueda de detenidos.

No obstante, en el acto del juicio los seis testigos identificaron al acusado como uno de los autores del robo. Los que no lo identificaron en la rueda de detenidos explicaron que no pudieron hacerlo pues se encontraban muy nerviosos, particularmente porque la rueda de detenidos se llevó a cabo sin la protección de un cristal donde no pudieran ser vistos por las personas que formaban parte de la rueda.

La prueba de la defensa intentó establecer una coartada a través de varios testigos. El jurado la aquilató y declaró culpable al acusado.

Posteriormente es que solicita nuevo juicio a tenor con la Regla 188 de Procedimiento Criminal, invocando como razones: (1) que un miembro del jurado ya antes había sido objeto de un asalto y no lo manifestó al tribunal; (2) que los miembros del jurado se habían separado durante la deliberación; y (3) que la identificación en corte por los testigos que antes no habían podido identificarlo, le perjudicó y le privó de un juicio justo e imparcial.

Como expusimos, el tribunal declaró con lugar esta moción y concedió nuevo juicio por el tercer fundamento.

## II

Nuestra doctrina reconoce que una identificación en corte abierta es válida siempre que sea confiable. *Pueblo* v. *Rey Marrero*, 109 D.P.R. 739 (1980). La identificación

---

último, Edwin Arocho Vera testificó haberlos observado por espacio de 4 a 5 minutos (T.E., pág. 160). Todos estos testigos, a distintos intervalos y distancias, observaron a los asaltantes.

durante la vista en este caso fue confiable. Los testigos tuvieron amplia oportunidad de observar a los asaltantes, hicieron una descripción detallada de éstos y la identificación judicial ocurrió poco más de un año después de acaecidos los hechos. La circunstancia de que algunos de los testigos no hubieran podido identificarlo en la rueda de detenidos no vicia fatalmente la identificación. Ello afecta la credibilidad pero no desnaturaliza el valor probatorio integral de la prueba. El jurado la aquilató y dio crédito a la misma. Determinó que no había duda razonable de que el acusado era uno de los asaltantes. Un testigo lo identificó en todo momento, con reiteración. Tenía la capacidad y tuvo la oportunidad. No debió la sala de instancia intervenir con esa evaluación.

Se expide el auto y se dicta sentencia con la que se revoca la resolución del Tribunal Superior, Sala de Caguas, fechada el 19 de enero de 1982.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria General. El Juez Asociado Señor Dávila concurre en el resultado con voto separado.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Voto separado del Juez Asociado Señor Dávila.

Concurro en el resultado. *Pueblo* v. *Rey Marrero*, 109 D.P.R. 739 (1980), no es autoridad para sostener, en la actual sentencia, que "[n]uestra doctrina reconoce que una identificación en corte abierta es válida siempre que sea confiable". Allí precisamente consignamos que "su identificación por Luis Díaz Mercado, joven de quince años que precisamente mantenía una actitud vigilante por encomiendas de su padre, que ya tenía sospechas de los ocupantes del automóvil que merodeaba el establecimiento, y quien pudo observar al recurrido [Rey Marrero] durante

dos o tres minutos, en un sitio totalmente iluminado, y no bajo el efecto alarmante de un asalto y de un asesinato, sino antes de que esos hechos ocurrieran, es enteramente confiable, nada contiene de sugestividad, y en ninguna forma pudo ser manchada por la detención ilegal y ulterior procedimiento identificatorio de la policía".

La identificación de un acusado no puede depender de llevarla a cabo el día del juicio en la corte abierta. En *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249, 253–254 (1969), expresamos:

> . . . No se debe depender de la identificación que pueda hacer en corte el día del juicio. La identificación en el juicio estaría maculada por los vicios de que adoleció la llevada a cabo en la etapa investigativa. Ver *People* v. *Caruso*, supra; IV Wigmore, *On Evidence*, Sec. 1130 (ed. 1940). Los testigos ya habían determinado que el acusado era el responsable. La identificación durante el juicio resulta una mera formalidad. Como se expresó en el artículo escrito por Williams and Hammelmann, *supra*, y que se cita en *Wade* a la pág. 229: "La experiencia ha demostrado que una vez que un testigo señala al acusado en la confrontación, no es de esperarse que se retracte más tarde, de tal manera que en la práctica la controversia de la identificación puede (en la ausencia de otra evidencia relevante) para todos los propósitos prácticos ser determinada en ese momento, antes del juicio . . . ."

Concurro en el resultado porque en el presente caso un testigo identificó al acusado sin lugar a duda alguna en la rueda de detenidos. Creída su versión por el tribunal es suficiente para sostener el veredicto.